

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF LOUISIANA

2010 APR 13 PM 12:40

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| GEORGE J. ACKEL, III<br>*Plaintiff* | * * * | |
| Versus | * * | CIVIL ACTION NO. 10-1096 |
| SID J. GAUTREAUX, SHERIFF OF EAST<br>BATON ROUGE PARISH | * * * * | |
| *Defendant* | * * | SECTION SECT. 1 MAG. 4 |

\* \* \* \* \* \* \* \*

## COMPLAINT

NOW INTO COURT, through undersigned counsel comes plaintiff GEORGE J. ACKEL, III. who submits the following original complaint to wit:

1.

Plaintiff, GEORGE J. ACKEL, III, is a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana.

2.

Defendant SID J. GAUTREAUX is the Sheriff of East Baton Rouge Parish which is a political subdivision and/or police agency of the Parish of East Baton Rouge Parish of the State of Louisiana and is the proper party amenable to suit in this matter.

### JURISDICTION

3.

This action arises under the United States Constitution, particularly under the provisions of

Fee $350.
__ Process_____
x  Dktd_____
__ CtRmDep_____
__ Doc. No._____

the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States (U.S. Constitution Amend. IV, V, VI and XIV) and under federal law, particularly Title 42 of the United States Code, Section 1983 (42U.S.C.1983).

This court has jurisdiction of this cause under Title 28 of the United States Code Section 1331 and Section 1343.

## VENUE

4.

Venue is proper in this court as the public arrest which is the subject of this cause of action took place in the Parish of Orleans, State of Louisiana, City of New Orleans, which is in the specific Venue of United States District Court for Eastern District of Louisiana.

## FACTS LEADING TO SUIT

5.

At all times pertinent hereto plaintiff, GEORGE J. ACKEL, III, owned and operated a construction company which was in the process of doing work for FEMA in the wake of hurricane Katrina. The FEMA job was entitled the "FEMA Camp Site in Baton Rouge, LA". The job was in progress at or around September 4, 2008. At or around that time plaintiff ordered some material from "Parish Home Center" for utilization on the FEMA job site. The items that were ordered were done so with Mr. Ackel's American Express Card. When the items were delivered they did not meet the criterion that were requested by Mr. Ackel nor were they what he had ordered. Despite warnings to the dispatcher at Parish Home Center, the materials were delivered to the site without anyone from Akel Construction there to oversee their safekeeping and the materials disappeared from the jobsite.

6.

Since the materials were ordered with plaintiff's American Express card he was able to dispute the bill and requested that the merchant, Parish Home Center, verify that the items were sent. American Express Company did so and Parish Home Center failed to respond. As a result American Express refused to pay Parish Home Center, and, on information and belief, Parish Home Center filled out an affidavit that was the basis for the warrant issued in this matter in plaintiff's arrest.

7.

Plaintiff's dispute with Parish Home Center was clearly a civil matter and did not warrant the treating of plaintiff like a common criminal. On information and belief, defendant acted out of political patronage or other malfeasant motive to seek plaintiff's arrest in order to appease the claims of Parish Home Center and/or its operators.

8.

On or about the 16th of April, 2009, while Mr. Ackel was working on another job site he was approached by members of the New Orleans police force and a Deputy from the Louisiana State Attorney General's office seeking his arrest for FELONY THEFT while acting on a warrant issued from the East Baton Rouge Parish Sheriff's office. A copy of the arrest register is attached hereto as Exhibit "A".

9.

Immediately after his arrest the police officers sought to have plaintiff transferred to East Baton Rouge Parish on this negligent warrant. Plaintiff made bond and was released.

10.

After Plaintiff's release from custody, plaintiff made himself available to the District Attorney's office of East Baton Rouge Parish and the charges against him were dropped.

## COUNT I

## CIVIL RIGHTS ACTION AGAINST DEFENDANT SID J. GAUTREAUX, EAST BATON ROUGE PARISH SHERIFF

11.

Plaintiff reavers and realleges paragraphs 1 through 10 as if pleaded herein *in extenso*.

12.

On April 16, 2009, at approximately 9:50 a.m. the plaintiff was lawfully working at another job site furthering the interests of his company Ackel Construction.

13.

By reason of the conduct of the defendant, including the unlawful arrest and imprisonment of plaintiff and the injuries sustained by plaintiff while in custody, he was unable to attend to his work and his business reputation and his ability to do FEMA work and was irreversibly harmed by the defendant SID J. GAUTREAUX, East Baton Rouge Parish Sheriff and sustained damages in an amount estimated to be $4,000,000.00.

14.

The conduct of the defendant deprived plaintiff of the following rights, privileges and immunities secured to him by the constitution of the United States

A. The right of plaintiff to be secure in his person and effects against unreasonable search and

seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States(U.S. Constitution Amend. IV,XIV)

B. The right of plaintiff to be informed of the nature and cause of the accusation against him, secured to him under the Sixth and Fourteenth Amendments to the constitution of the Unirted States(U.S. Const. Amend. VI, XIV); and

C: The right of plaintiff not to be deprived of life liberty, or propoerty without due process of law, and the right to equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States (U.S. Const. Amend. XIV)

15.

The acts, conduct, and behavior of defendant were performed knowingly, intentionally and maliciously by reason of which plaintiff is entitled to an award of punitive damages in an amount to be determined at trial or in such amount as will sufficiently punish defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

**DAMAGES**

COUNT I
DAMAGES AGAINST DEFENDANT
EAST BATON ROUGE PARISH SHERIFF'S OFFICE FOR
VIOLATION OF FEDERAL CIVIL RIGHTS

16.

Plaintiff, GEORGE J. ACKEL, III., is entitled to recover:

1. Damages for violation of his protected federal civil rights in an amount estimated at in an amount to be proved at trial.

2. Punitive damages in the amount to be proved at trial as permitted by statute; and

### 17.

Any and all general damages that plaintiff GEORGE J. ACKEL, III. can prove at trial under either count or under any other alternative pleading theory of recovery.

WHEREFORE, plaintiff, GEORGE J. ACKEL, III, requests a judgment of this court in favor of plaintiff on all claims and counts for :

1. Damages in the amount to be proved at trial with interest from the date of filing.

2. Costs of this action

3. Such other further relief as this court may deem proper.

Respectfully Submitted,

_____
MATTHEW L. PEPPER (29976) TA
25211 Grogans Mill Rd., Suite 450
The Woodlands, TX 77380
Ph (281) 367-2266
Fax (281) 272-6072
Attorney for Plaintiff
George J. Ackel, III

**TRIAL BY JURY DEMANDED**