UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE J. ACKEL, III** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-1096** |
| **SID J. GAUTREAUX, SHERIFF OF EAST BATON ROUGE PARISH** | **SECTION "I"** |

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by defendant, Sheriff Sid J. Gautreaux ("Sheriff Gautreaux"). Sheriff Gautreaux argues that the complaint against him should be dismissed based on insufficient service of process, improper venue, and for failure to state a claim upon which relief can be granted. Plaintiff, George J. Ackel, III ("Ackel"), has filed a barebones response.

Because a substantial part of the events giving rise to this litigation allegedly occurred in the Middle District of Louisiana, the Court exercises its discretion to TRANSFER this matter *sua sponte* to the United States District Court for the Middle District of Louisiana.

### *BACKGROUND*

Ackel operates a construction company in Louisiana. Sheriff Gautreaux is the East Baton Rouge Parish Sheriff.

Plaintiff claims that on or about September 4, 2008 his company was in the process of performing work for the Federal Emergency Management Agency ("FEMA") in Baton Rouge, Louisiana. On or about such date, Ackel ordered materials from Parish Home Center that he intended to use in connection with the FEMA project. Ackel used his American Express card to acquire the materials.

1

Ackel alleges that when the materials were delivered to him, "they did not meet the criterion that [he] requested . . . nor were they what he had ordered."[1]  Ackel claims that, "since the materials were ordered with plaintiff's American Express card [Ackel] was able to dispute the bill and requested that the merchant, Parish Home Center, verify that the items were sent."[2] Asserting that Parish Home Center failed to respond, Ackel states that he "refused to pay Parish Home Center."[3]  In turn, Ackel claims that "Parish Home Center filled out an affidavit that was the basis for the warrant issued in this matter in plaintiff's arrest."[4]

Ackel further alleges that, "[o]n or about the 16th of April, 2009, while Mr. Ackel was working on another job site he was approached by members of the New Orleans police force and a Deputy from the Louisiana State Attorney General's office seeking his arrest for felony theft while acting on a warrant issued from the East Baton Rouge Parish Sheriff's office."[5]  Ackel asserts that, "[o]n information and belief, [Sheriff Gautreaux] acted out of political patronage or other malfeasant motive to seek plaintiff's arrest in order to appease the claims of Parish Home Center and/or its operators."[6]  Following his physical arrest in New Orleans, plaintiff was transferred to East Baton Rouge Parish.  Plaintiff claims that the charges against him were ultimately dropped.

---

[1] R. Doc. No. 1., pg. 2.

[2] *Id.* at 3.

[3] *Id.*

[4] *Id.*

[5] *Id.* (some capitalization omitted).

[6] *Id.*

Plaintiff has filed an action in this Court pursuant to 42 U.S.C. § 1983 alleging that Sheriff Gautreaux violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution. Plaintiff claims he sustained damages in the amount of $4,000,000 in connection with his alleged unlawful arrest and imprisonment.

## *VENUE*

28 U.S.C. § 1391(b) states, in pertinent part, that, "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought . . . [in] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). Furthermore, 28 U.S.C. § 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfers pursuant to § 1404(a) "may be made *sua sponte*." *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989).[7]

It is apparent from plaintiff's complaint and the parties' representations to the Court that a substantial part of the events giving rise to plaintiff's claims against defendant allegedly occurred in East Baton Rouge Parish which is located in the Middle District of Louisiana. For example, Parish Home Center – the party that filed a criminal complaint against Ackel with respect to his alleged theft – is allegedly located in East Baton Rouge Parish. The investigation into Ackel's alleged theft was purportedly conducted by the East Baton Rouge Sheriff's office.

---

[7] The Court's decision to transfer this matter pursuant to § 1404(a) assumes that venue in the Eastern District of Louisiana is proper. Even if venue in this district is improper, however, 28 U.S.C. § 1406(a) gives the Court discretion, in the interest of justice, to transfer the case to a district where the action could have been brought. Accordingly, whether or not venue is proper in the Eastern District of Louisiana, the Court transfers this matter to the Middle District of Louisiana.

Following such investigation, a state-court judge in East Baton Rouge Parish signed a warrant for Ackel's arrest.

Although Ackel was allegedly arrested by members of the New Orleans police force and a Deputy from the Louisiana State Attorney General's office, seeking his arrest for felony theft, he was transported to East Baton Rouge Parish the following day and placed in the custody of East Baton Rouge Parish prison officials.  Ackel has not sued the New Orleans Police Department nor any of its officers.  Additionally, Ackel has not sued the Louisiana State Attorney General's office nor any of its officers.  The only defendant Ackel has sued is Sheriff Gautreaux.

As such, the litigation of this matter will require resort to witnesses and evidence located almost exclusively in East Baton Rouge Parish.   Accordingly, for the convenience of the parties and witnesses and in the interest of justice, **IT IS ORDERED** that this matter is **TRANSFERRED** to the United States District Court for the Middle District of Louisiana for further proceedings.

New Orleans, Louisiana, November 23, 2010.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**